UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | | |
|---|---|---|
| STEVEN LAMONT ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-1281-JDT-egb |
| | ) | |
| MICHAEL DONAHUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

ORDER DISMISSING ALL CLAIMS,
DENYING MOTION FOR SERVICE OF SUMMONS (ECF No. 3),
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND
NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

---

On October 15, 2014, Plaintiff Steven Lamont Anderson ("Anderson"), who was incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee during the complained of incidents, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On October 16, 2014, the Court granted Anderson leave to proceed *in forma pauperis*, assessing the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b) (ECF No. 6). The Clerk shall record the defendants as Warden Michael Donahue, Warden's Secretary Ms. First Name Unknown ("FNU") Duncan, K-9 Corrections Officer Mr. A. Sharp, Mail Room Supervisor Mr. Kevin Joy, Mail Room Clerk Ms. FNU Hembree, Mail Room Clerk Ms. FNU Flint, Records Supervisor Tabatha Brumbelow, Shelby County Clerk Kevin P. Key, Tennessee Court of Appeal Clerk Michael E. Catalano, and Tennessee Court of Appeals Clerk Susan Turner.

I. THE COMPLAINT

In his complaint, Anderson alleges that all Defendants violated his First and Fourth Amendment Rights to Freedom of Speech, Petition the Government for Redress of Grievances, Access of Court, Due Process and Equal Protection. (Compl. ¶ 55, ECF No. 1.) All Defendants are sued in their individual and official capacity.

On January 23, 2013, Anderson submitted a Petition for Writ of Error Coram Nobis Relief/Petition for Writ of Habeas Corpus/Motion to Dismiss Indictment/Statutory Writ of Certiorari and Supersedeas, and a Motion giving Satisfactory Reasons for Not Attaching Underlying Indictments ("Petition"). (*Id.* at ¶ 9.) On March 23, 2013, the Shelby County Court granted the State's Motion to Dismiss the Petition for Writ of Habeas Corpus and Writ of Error Coram Nobis. (*Id.* at ¶ 11.) On April 19, 2013, Anderson filed an appeal to the dismissal. (*Id.* at ¶ 12.)

Anderson alleges that on or about June 3, 2013 Defendant Key "intentionally and/or deliberately" mailed the original Petition to the Court of Criminal Appeals as part of the Appellate Supplemental Record ("Record"). (*Id.* at ¶ 59.) Anderson alleges that Defendants Catalano and Turner "intentionally and or deliberately" mailed the only copy of the Record ("Record"), which contained a record of the Petition, to HCCF that subsequently became lost on August 14, 2013. (*Id.* at ¶ 60.) The copy of the Record became lost after it was signed for as received on August 14, 2013 by Defendant Sharp. (*Id.* at ¶ 25.) The loss of the Record prevented Anderson from having the original or copies of the Petition to file with the Court of Criminal Appeals. (*Id.*)

Anderson alleges that the Record was received and signed for by Defendant Sharp on August 14, 2013. (*Id.* at ¶ 68.) However, Anderson contends that Defendants Donahue, Duncan, Sharp, Joy, Hembree, Flint, and Brumbelow "accepted and then arbitrarily, maliciously,

2

deliberately and/or intentionally mishandled, misplaced and ultimately lost" the only copy of the Record. (*Id.* at ¶ 61.) The loss of the Record by the aforementioned Defendants was, in part, due to Defendants's failure to follow policy #507.02 regarding inmate mail. (*Id.* at ¶ 65.) Additionally, Anderson alleges that the absence of the Record "adversely prevented, impeded, interrupted and/or interfered," with his right to free speech, petition to redress grievances, access to the courts, due process and equal protection in presenting his claims and defenses to the Court of Criminal Appeals. (*Id.* at ¶ 69.) On March 31, 2014, the Court of Criminal Appeals of Tennessee affirmed the decision of the trial court. (*Id.* at ¶ 39.) On April 21, 2014, Defendant Brumbelow attempted to give Anderson copies of the lost documents, which Anderson refused because Defendant Brumbelow would not verify that any of the documents came to the prison through the prison mail room. (*Id.* at ¶ 45.)

Anderson contends that his first and fourteenth amendment rights were violated by official policy or custom of Defendants's insistence that his mail should not be sent directly to Defendant Donahue. (*Id.* at ¶ 70.) Defendants's actions combined to form a pattern of not "properly assisting with the filings of initial pleadings…." (*Id.* at ¶ 71.) Anderson contends that he had an actual injury because the loss of the record prevented the Court of Criminal Appeals from hearing those parts of the Petition not included in the Record, specifically: the Petition for Writ of Error Coram Nobis, Motion to Dismiss Indictment, and Statutory Writ of Certiorari and Supersedeas and/or In the Alternative Common Law Writ of Certiorari and Supersedeas. (*Id* at ¶ 77.)

Anderson seeks the appointment of counsel, injunctive relief to remove the obstacles in bringing his claims, punitive, compensatory, and nominal damages, court costs and fees, and attorney fees and awards. (*Id.* at p. 73.)

## II. ANALYSIS

A. <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause

of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.      § 1983 Claim

Anderson filed his seventy-four page, typed complaint pursuant to actions under 42 U.S.C. § 1983 which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

   1.      *Non-Compliance with Federal Rules of Civil Procedure 8(a)(2)-3*

Anderson's complaint does not comply with the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)-(3). A complaint violates these provisions

when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); *Vicom v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible"); *Gordon v. Green*, 602 F.2d 743, 744-45 (5th Cir. 1979) (4000-page pleading, comprised of "various complaints, amendments, amended amendments, amendments to amended amendments, and other related papers," did not comply with Rule 8(a) "as a matter of law"); *Windsor v. A Fed. Exec. Agency*, 614 F. Supp. 1255, 1257 (M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8 because a 47-page complaint is not required to state a simple claim and because the complaint "is confusing and distracting").

Anderson's complaint does not allege sufficient facts to state a colorable claim against any defendant. The complaint is 74 pages with over 500 pages of attached exhibits. (ECF No. 1.) It is not reasonable to expect the Court and opposing parties to sift through numerous exhibits to discern the substance of Anderson's claims. *Septer v. Warden, Hocking Corr. Facility*, No. 2:12-CV-1209, 2013 WL 4456043, at *2 (S.D. Ohio Aug. 26, 2013) ("[I]t is the plaintiff's job, and not the Court's, to sift through his various grievances and both to decide, and plead with some level of specificity, what claims he intends to assert against what defendants."); *Mobley v. Warden London Corr. Inst.*, No. 2:09-cv-639, 2010 WL 518033, at *1 (S.D. Ohio Feb. 1, 2010) (form complaint accompanied by many inmate grievances "do[es] not constitute a proper complaint"). It also is not necessary for a complaint to contain legal argument and case citations.

### 2. *Complaints against Defendants in their Official Capacity*

Anderson sues all Defendants in their official capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). Anderson's claim against Defendants in their official capacity is brought against the State of Tennessee. Further, the Office of the Clerk of Shelby County as well as the Court of Criminal Appeals of Tennessee are established by state law and operate pursuant to state law. *See*, *e.g.*, Tenn. Code Ann. §§ 8-24-102 (setting compensation for clerks of court); 8-20-101 (authorizing the hiring of deputy clerks).

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity,

commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); E*mployees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.") (citations omitted). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

    3.  *Complaint against Defendants Key, Catalona and Turner in their Individual Capacity*

Anderson has no claim for money damages against Defendants Key, Catalano and Turner. "Absolute judicial immunity applies not only to judges, but has extended, in the form of quasi-judicial immunity, to any person acting as an arm of the absolutely immune judicial officer." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 873 (6th Cir. 2011); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("Absolute judicial immunity has been extended to non-judicial officers who perform 'quasi-judicial' duties. Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.") (citations omitted). That

immunity extends to court clerks and their office staff. *Coleman v. Governor of Mich.*, 413 F. App'x 866, 873 (6th Cir. 2011); *Johns v. Bonnyman*, 109 F. App'x 19, 21-22 (6th Cir. 2004); *Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003); *Carlton v. Baird*, 72 F. App'x 367, 368-69 (6th Cir. 2003); *Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002); *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997). Anderson alleges that Defendant Key sent the original Record to the Court of Criminal Appeals. (Compl. at ¶ 59.) Further Anderson alleges that Defendants Catalano and Turner then sent the only copy of the Record, which subsequently became lost. (*Id.* at ¶ 60.) The crux of the allegations against these Defendants is that they failed to do their jobs properly in not making copies of the Petition and Record. (*Id.* at ¶ 66.) Although the complaint does not state why there were no copies made, it is very likely that they were enforcing a court policy for handling documents on request for appeal. This process of handling court documents would appear to be protected by quasi-judicial immunity. *Hessmer v. Bad Gov't*, No. 3:12-cv-590, 2012 WL 3945315, at *12 (M.D. Tenn. Sept. 10, 2012) ("Because the alleged act — the filing or misfiling of court pleadings — clearly falls within the parameters of defendant Neal's core functions as Clerk of Court and is completely integral to the judicial process, defendant Neal is entitled to absolute quasi-judicial immunity.").

    4.  *Complaint against Defendants Donahue, Joy, and Brumbelow as Supervisors*

Defendants Donahue, Joy and Brumbelow cannot be held liable because of their respective positions as HCCF Warden, HCCF Mail Room Supervisory, and HCCF Records Supervisor. Under 42 U.S.C. 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus,

"a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendants Donahue, Joy or Brumbelow had any personal involvement in the handling of Anderson's mail.

### 5. Equal Protection Claims

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, 1.

> The purpose of this provision is "to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co. v. Dakota Cnty.*, 260 U.S. 441, 445, 43 S. Ct. 190, 67 L. Ed. 340 (1923) (internal quotation marks and citation omitted). . . . Equal protection challenges are "typically ... concerned with governmental classifications that affect some groups of citizens differently than others." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601, 128 S. Ct. 2146, 170 L. Ed. 2d 975 (2008) (internal quotation marks and citation omitted). However, the Supreme Court has recognized that a "class-of-one" may bring an equal protection claim where the plaintiff alleges that: (1) he or "she has been intentionally treated differently from others similarly situated"; and (2) "there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).

*United States v. Green*, 654 F.3d 657, 650-51 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1056 (2012). The complaint does not allege that Anderson was discriminated against because of his membership in a protected class. The loss of the Record does not amount to an equal protection claim.

    6.  *Due Process Claim*

Anderson complains that Defendant Key violated his due process rights by mailing the only copy of the original Petition. (Compl. at ¶ 59.) As stated previously, Key has immunity against the allegations. Any denial of access to the courts is more appropriate under a First Amendment analysis. Further, inmates do not have a right under the Due Process Clause to an effective grievance mechanism. *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Smith v. Corr. Corp. of Am.*, 19 F. App'x 318, 321 (6th Cir. 2001) (holding that prisoner "had no constitutional right to . . . disciplinary or grievance systems that met his standards"); *Shehee v. Luttrell*, 199 F.3d at 300; *Irvin v. Fluery*, No. 2:07-cv-117, 2007 WL 5328577, at *2 (W.D. Mich. Sept. 11, 2007) ("[T]he Sixth Circuit and other circuit courts have held that there is no constitutional right to access an institutional grievance procedure.")(report and recommendation), adopted, 2007 WL 3036493 (W.D. Mich. Oct. 16, 2007); *Mackey v. Carberry*, No. 2:07-cv-43, 2007 WL 2479296, at *3 (W.D. Mich. Aug. 28, 2007) (report and recommendation adopted as opinion of the Court); *Holloway v. Drew*, No. 2:07-CV-160-MEF, 2007 WL 1175067, at *2 (M.D. Ala. Apr. 4, 2007) (report and recommendation); *Robertson v. Montgomery Cnty.*, No. 3 06 0435, 2006 WL 1207646, at *2 (M.D. Tenn. Apr. 27, 2006) ("[S]tate law does not create a liberty interest in the grievance procedure."); *Robinson v. Hastings*, 2006 WL 950185, at *4.4 Defendant Dickerson did not violate Watson's constitutional rights by finding that his grievance was unfounded. *George v. Smith*, 507 F.3d at 609-10 ("Ruling against a prisoner on an

administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.")

       7.     *First Amendment: Access to the Courts*

The denial of access to mail implicated the First Amendment right "to petition the Government for a redress of grievances," U.S. Const., amend. I, which is made applicable to the states by the Fourteenth Amendment. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Bounds v. Smith*, 430 U.S. 817, 822 (1977). The Supreme Court has held that "[t]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However,

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Thaddeus-X*, 175 F.3d at 391 (inmates' First Amendment right of access to the courts "extends to direct appeal, habeas corpus applications, and civil rights claims only").

To have standing to pursue a First Amendment claim that he was denied access to the courts, "a prisoner must show prison officials' conduct inflicted an 'actual injury,' i.e., that the conduct hindered his efforts to pursue a nonfrivolous legal claim." *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. at 351-53); *see also Hadix v.*

13

*Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999) (explaining how *Lewis* altered the "actual injury" requirement previously applied by the Sixth Circuit). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Anderson contends that his injury, the loss of the Record, prevented the Court of Criminal Appeals from hearing those parts of the Petition not included with the original Appellate Record, specifically: the Petition for Writ of Error Coram Nobis, Motion to Dismiss Indictment, and Statutory Writ of Certiorari and Supersedeas and/or In the Alternative Common Law Writ of Certiorari and Supersedeas. (Compl. at ¶ 77.) While there might be an issue with the loss of the Record, the Court of Criminal Appeals was reviewing the trial court's decision on the Habeas Corpus Petition,[1] for which there is no contention that any documents were lost. Further, it is clear that additional information was not going to alter the Appellate Court's ruling on the Habeas Petition as the court held:

> We have carefully reviewed the habeas corpus petition's allegation and conclude the issues have been previously determined adversely to Petitioner in prior proceedings, t**he allegations, if true, would not result in in a void judgment**, **or the allegations, if true would render the judgments merely voidable and not void.**

*See Anderson v. State of Tennessee*, No. W213-0075-CCA-R3-HC (Tenn. Crim. App. March 31, 2014) (citations omitted) (emphasis added). Therefore, the materials received by Anderson in appealing the Habeas Petition were sufficient for finding judgment, and the addition of Anderson's Petition would not have impacted the Appellate Court holding.

### III. Standard for Leave to Amend

---

[1]The trial court dismissed Anderson's Petition for Writ of Error Coram Nobis and Writ of Habeas Corpus noting that "Petitioner has brought this petition before the court three times preciously, and again, Petitioner fails to make a cognizable claim under either petition." (Compl. at Ex C. p. 92, ECF No. 1-6.)

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("in forma pauperis plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

C.  Motion to Serve Summons

On October 15, 2014, Anderson filed a motion seeking the issuance of summonses and service of process on Defendants. (Summons and Service of Process Mot., ECF No. 3.) Where a civil case is filed by an indigent prisoner, summonses are not issued and the defendants are not served until after the case has been screened under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). *See* Local Rule 4.1(b)(3). Anderson's motion is DENIED as premature. This order constitutes the required screening

IV.  Appeal Issues

15

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Anderson in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

V. Conclusion

The Court DISMISSES Anderson's complaint as to all Defendants for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to Amend is DENIED because the deficiencies in Anderson's complaint cannot be cured. It is also CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Anderson would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Anderson nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), partially overruled on other grounds by *LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Anderson is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and §

1915(a)(2) by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Anderson, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[2] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                     **s/James D. Todd**
                                                     JAMES D. TODD
                                                     UNITED STATES DISTRICT JUDGE

---

[2]Anderson previously filed *Anderson v. Corrections Corporation of America, Inc., et al.*, No. 10-1029_JDT-egb (W.D. Tenn. Dismissed for failure to state a claim).